United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30621
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY THOMAS, also known as Demon,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-338-6-I

Before GARWOOD, JOLLY, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony Thomas appeals his guilty-plea conviction of one count
of conspiring to possess with the intent to distribute 50 grams or
more of cocaine base and quantities of cocaine hydrochloride.

Thomas argues that the district court violated his due process
rights, as well as 18 U.S.C. § 4241(a), in failing to order a
competency hearing sua sponte. He contends that the district court

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have questioned his competence in view of his conflicts with his attorneys, his refusal to cooperate with the probation officer, his attempt to withdraw his guilty plea even though he might have received a life sentence had he gone to trial,[1] his attorney's expression of concern regarding his competence, and information regarding head injuries and possible brain damage. Thomas's appellate counsel also represents that Thomas has engaged in "irrational" behavior during the course of his representation.

Considering the absence of any indication of a prior history of irrational behavior, Thomas's lucid responses during district court proceedings, matters reflected at the Rule 11 and motion to withdraw hearings, and the lack of any prior medical opinion on competency, the district court did not abuse its discretion in not ordering a competency hearing sua sponte.[2] *See United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002). Accordingly, the judgment of the district court is

AFFIRMED.

---

[1] Thomas was ultimately sentenced to 175 months' imprisonment.

[2] We note that the district court remarked in passing during the hearing to withdraw the guilty plea that "I can't force you to have a [psychological] examination." While this statement may be overly broad as a general matter, the circumstances of this case are not such as to have required or clearly warranted a mandatory psychological evaluation.